AO 91 (Rev. 11/11) Criminal Complaint                                      AUSA Wesley A. Morrissette (312) 353-5306



**FILED**
5/15/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA

v.

DONALD DAILEY

CASE NUMBER:  26CR231

# CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about May 14, 2026, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(n) | while being a person under indictment for a crime punishable by imprisonment for a term exceeding one year, received a firearm, namely, a Taurus PT92 AFS 9 mm semiautomatic pistol bearing serial number TRI 49328, which had been shipped or transported in interstate and foreign commerce |

This criminal complaint is based upon these facts:

 X   Continued on the attached sheet.

/s/ Alex Garcia-Ortiz  _JwH_ with permission

ALEX GARCIA-ORTIZ
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: May 15, 2026

_Judge's signature_

City and state: Chicago, Illinois

JEANNICE W. APPENTENG,
U.S. Magistrate Judge
_Printed name and title_

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## **AFFIDAVIT**

I, ALEX GARCIA-ORTIZ, being duly sworn, state as follows:

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), and have been so employed since January 2025.  I am currently assigned to the Chicago Group II, under the Chicago Field Division. I completed Criminal Investigative Training and Special Agent Basic Training at the Federal Law Enforcement Training Center. I have received training on, and conducted investigations of, violations of the National Firearms Act, Gun Control Act, and Title 18, United States Code, Sections 922(n), 933(a), 922(g)(3) and 922(g)(1).

2.      This affidavit is submitted in support of a criminal complaint alleging that DONALD DAILEY has violated Title 18, United States Code, Section 922(n). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging DAILEY with receipt by person under felony indictment of a firearm that has traveled in interstate or foreign commerce, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3.      This affidavit is based on my personal knowledge, experience and training, information provided to me by other law enforcement agents and the

experience of those agents, interviews, review of consensual audio and video recordings and SMS or text messages, physical surveillance, and physical evidence.

4. Based on the information contained in this Affidavit, there is probable cause to believe that on May 14, 2026, DONALD DAILEY, a person under indictment for a crime punishable by imprisonment for a term exceeding one year, received a firearm, namely a Taurus PT92 AFS 9 mm semiautomatic pistol bearing serial number TRI 49328, which had been shipped or transported in interstate and foreign commerce.

**FACTS SUPPORTING PROBABLE CAUSE**

5. As set forth in more detail below, on May 14, 2026, DAILEY sold two firearms to a person who, unbeknownst to DAILEY, was a confidential informant ("CI-1") working with ATF: a Taurus PT92 AFS 9 mm semiautomatic pistol bearing serial number TRI 49328 (the "Taurus"), and a Smith and Wesson .38 S&W. Special CTG revolver bearing serial number 28437 (the "Smith and Wesson") (collectively, the "Firearms").[1] This was the third time that DAILEY sold CI-1 firearms between February 5, 2026 and May 14, 2026. DAILEY is currently under felony indictment in the Circuit Court of Cook County, Illinois. Following the sale of the Firearms,

---

[1] CI-1 is currently a paid informant with ATF. CI-1 has prior felony conviction. CI-1 has been a reliable source of information throughout the course of ATF's investigation, as well as numerous additional state and federal investigations. Information provided by CI-1 has been independently corroborated by unrelated sources of information, as well as through follow-up investigation by investigating law enforcement officers. To date, CI-1 has been paid approximately $2,800 for their work in this investigation.

DAILEY, in a Mirandized and recorded interview, admitted to obtaining the Firearms within an hour prior to the sale.

### *Background of the Investigation*

6.      Between February 5, 2026, and April 24, 2026, DAILEY sold approximately five firearms to four individuals, who, unbeknownst to DAILEY, were confidential informants working with law enforcement: CI-1, CI-2,[2] CI-3,[3] and CI-4[4] (collectively, the "CIs"), as described below:

        a.      On February 5, 2026, DAILEY sold to CI-1 a Beretta USA CORP 92FS 9mm Caliber pistol with an obliterated serial number;

        b.      On March 27, 2026, DAILEY sold to CI-1 and CI-2 a Heckler and Koch P2000 40 caliber pistol bearing serial number 123-086282;

---

[2] CI-2 is currently a paid informant with ATF. CI-2 has prior felony conviction. CI-2 has been a reliable source of information throughout the course of ATF's investigation, as well as numerous additional state and federal investigations. Information provided by CI-2 has been independently corroborated by unrelated sources of information, as well as through follow-up investigation by investigating law enforcement officers. To date, CI-2 has been paid approximately $5,800 for their work in this investigation.

[3] CI-3 is currently a paid informant with ATF. CI-3 has prior felony conviction. CI-3 has been a reliable source of information throughout the course of ATF's investigation, as well as numerous additional state and federal investigations. Information provided by CI-3 has been independently corroborated by unrelated sources of information, as well as through follow-up investigation by investigating law enforcement officers. To date, CI-3 has been paid approximately $800 for their work in this investigation.

[4] CI-4 is currently a paid informant with ATF. CI-4 has prior felony conviction. CI-4 has been a reliable source of information throughout the course of ATF's investigation, as well as numerous additional state and federal investigations. Information provided by CI-4 has been independently corroborated by unrelated sources of information, as well as through follow-up investigation by investigating law enforcement officers. To date, CI-4 has been paid approximately $200 for their work in this investigation.

c.      On April 15, 2026, DAILEY sold to CI-2 and CI-3 a P80 PF94000 9mm pistol with no serial number; and

d.      On April 24th, 2026, DAILEY sold to CI-2 and CI-4 a Glock 42 .380 pistol bearing serial number ABXS033, and a Ruger 9E 9mm pistol bearing serial number 337-41102.

7.      In each of the above-mentioned controlled purchases, law enforcement met with the referenced CIs at an undisclosed location and conducted a search of their person and vehicle to ensure they were not in possession of any contraband or money prior to the controlled purchase. After searching for contraband, and finding nothing, law enforcement provided the CI(s) with covert recording equipment and pre-recorded law enforcement funds.  Law enforcement then surveilled the referenced CIs in their vehicle directly to the meet location. Following each transaction, law enforcement then surveilled the referenced CI(s) to a post-meet location and took possession of the contraband. Law enforcement then searched the referenced CI's person and the vehicle to confirm that the CI was not in possession of any additional contraband or currency.

### *May 14, 2026 Controlled Purchase and Subsequent Arrest*

8.      On May 13, 2026, between approximately 9:16 a.m. and 11:13 p.m., CI-1 and DAILEY communicated via cellphone and text message. At approximately 9:16 a.m, DAILEY texted CI-1, "Ready for me?," then followed up approximately 30

seconds later with an additional text, "Yoooo."[5] At approximately 5:54 p.m., DAILEY made a recorded call to CI-1. According to the recording, DAILEY asked CI-1 "you want that and the [UI] you just want one?" After the call, DAILEY forwarded pictures (see below) of two firearms to CI-1. According to my review of the text messages from CI-1's phone, DAILEY agreed to sell CI-1 the two firearms for $1,200 the following day at a specific location on the 7300 block of South Maryland Avenue.



9.      On May 14, 2026, at approximately 3:15 p.m., ATF agents met with CI-1 at a predetermined location where agents searched CI-1 and CI-1's vehicle for any money or contraband. Finding none, ATF agents equipped CI-1 with covert video and

---

[5] DAILEY was identified as the user of his phone as follows: several of the deals have been set up on the same phone number, and on each occasion it has been DAILEY who has shown up for the controlled purchase; and for the May 14 Transaction, DAILEY was still talking on a call with CI-1 from the phone number when he walked up to CI-1's vehicle.

audio recording equipment. The agents gave CI-1 pre-recorded ATF funds for the purchase as well as an orange bag in which to store the firearms to be purchased. Law enforcement personnel surveilled CS-1 as he drove to the meet location near the 7300 block of South Maryland Avenue and then established surveillance.[6]

10.  According to surveillance, CI-1 arrived to the controlled purchase location at approximately 3:53 p.m. According to my review of CI-1's text messages, at approximately 3:56 p.m, CI-1 sent DAILEY a text message telling DAILEY that CI-1 was at the meeting location. According to CI-1's covert recording equipment, at approximately 3:59 p.m., DAILEY called CI-1 to locate him and remained on the call until DAILEY found and entered CI-1's vehicle.

11.  According to CI-1's covert recording, DAILEY entered the vehicle with a brown box. DAILEY then explained to CI-1 that the box contained bottles of juices and refers to one of the bottles as being "shrooms."



---

[6] For tactical reasons, law enforcement instructed CI-1 to park in a parking lot on the other side of the block rather than the specific agreed address on South Maryland Aveune.

12. According to CI-1's covert recording, CI-1 then removed a firearm from the brown box and put it into the orange bag. CI-1 and DAILEY continued to remove contents from the box (not all of which are visible in the video), while CI-1 placed some of the removed items into the orange bag. CI-1 then handed DAILEY the $1,400 of ATF pre-recorded funds, exited the vehicle, and placed the orange bag in the trunk.

13. Shortly after CI-1 exited the vehicle, ATF agents arrested DAILEY and searched CI-1's vehicle and recovered the Taurus (pictured below left) and the Smith and Wesson (pictured below right) from inside the orange bag that was in the trunk. ATF searched CI-1 and CI-1's vehicle for any additional money or contraband, of which none was found.



14. Following his arrest, DAILEY was informed of his *Miranda* rights and agreed to waive those rights and speak with agents. According to my review of the audio recording of the interview, DAILEY told agents that he was a "middleman" for

Individual A. According to DAILEY, Individual A would "drop them [referring to the firearms] off," Dailey "would grab the bag or the box and deliver it to [the CI], bring the money back to [Individual A]." When agents asked DAILEY why he was selling guns illegally, DAILEY responded that he was "helping" out Individual A. DAILEY admitted to doing "more than five" gun deals with the CIs. DAILEY admitted to providing the two Firearms to CI-1 in the May 14 transaction. When agents asked DAILEY whether he bought the guns used in the May 14 transaction or if they were "fronted" to him (advanced to him on credit), DAILEY responded, "He put them in between the dumpster. Like you all were sitting there for 45 minutes, so you should have seen him."

15. According to records from the Circuit Court of Cook County, Illinois, on July 15, 2025, DAILEY was charged by information with eight felony offenses: one count of possession of a stolen firearm in violation of 720 ILCS 5.0/24-3.8-A, two counts of possession of a firearm by an individual with a revoked FOID card in violation of 430 ILCS 65.0/2-A-1, and five counts of aggravated unlawful possession of a weapon in violation of 720 ILCS 5/24-1.6(a)(1). *See* People of the State of Illinois v. Donald R. Dailey, Case No. 25CR0802501.

16. According to the Cook County records, DAILEY was arraigned on the above criminal information on July 24, 2025, and entered a plea of not guilty to the charges.[7] Further, according to Cook County records, DAILEY is on pretrial release

---

[7] These charges arose from DAILEY's May 30, 2025 arrest for aggravated assault with a deadly weapon, possession of a stolen firearm, and possession of a firearm with a revoked FOID. According to Cook County records, he was released on bond, with conditions which

in this case, with electronic monitoring, and conditions which required him, among other things, to (a) not possess any firearm or dangerous weapon; and (b) surrender any firearms to law enforcement. According to Cook County records, the case is still pending and defendant last appeared in court on April 24, 2026.

17.     Thus, DAILEY unlawfully received the firearms on May 14, 2026, while he was under indictment as described in the preceding paragraph.

18.     After the May 14, 2026 controlled purchase, ATF provided photographs of the recovered Firearms to a certified interstate nexus expert for analysis. Based on his training and experience and his preliminary assessment of the photographs examined, the certified interstate nexus expert determined that the Taurus pistol was manufactured in Brazil and thus, must have traveled in foreign and interstate commerce prior to DAILEY's receipt of the firearm on May 14, 2026.

---

included those described above, after his May 30, 2025 arrest, which conditions were maintained after his indictment.

## CONCLUSION

19.     Based on the foregoing, I believe there is probable cause to believe that, on May 14, 2026, DONALD DAILEY, while under indictment for a crime punishable by imprisonment for a term exceeding one year, received a firearm that had been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(n).

FURTHER AFFIANT SAYETH NOT.

/s/Alex Garcia-Ortiz     *JWH with permission*

ALEX GARCIA-ORTIZ
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives

SWORN TO AND AFFIRMED by telephone May 15, 2026.

Honorable JEANNICE W. APPENTENG
United States Magistrate Judge

10